UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CLAYTON FOUNTAIN § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Case No. 4:13-cv-1342 |
| § | |
| DIVERSIFIED CONSULTANTS, INC., § | |
| § | |
| Defendant. § | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Diversified Consultants, Inc. ("Defendant") and files its Answer and Affirmative Defenses as follows:

Defendant denies the allegations set forth in the introductory statement of Plaintiff's Statement of Claim.

1. Defendant denies the allegations contained in paragraph 1 of Plaintiff's Statement of Claim and denies any liability or wrongful conduct to the extent alleged in said Statement and demands strict proof of same.

2. Defendant denies Plaintiff is entitled to any relief requested in his prayer set forth in Plaintiff's Statement of Claim.

3. Any allegations of Plaintiff's Statement of Claim not specifically admitted herein are denied.

4. Pleading further, Defendant states that Plaintiff's claims are groundless and brought in bad faith and for the purpose of harassment. As such, Defendant is entitled to recover its costs and attorney's fees.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Defendant has, at all times relevant hereto, complied fully with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff may attempt to plead causes of action under the FDCPA, Defendant affirmatively pleads that to the extent a jury or this Court may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by the bona fide error defense set forth in 15 U.S.C. § 1692k(c).

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff may attempt to plead causes of action under the FDCPA, Defendant affirmatively pleads that to the extent a jury or this Court may find any violation of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, any such alleged violations were not material and as such, Plaintiff cannot recover under the Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct

of third parties. In the alternative, Plaintiff's claims are, or may be, barred because upon information and belief, the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, Plaintiff did not sustain any actual damages as a proximate result of any wrongdoing by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, Plaintiff failed properly to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may attempt to plead causes of action under the FDCPA, Defendant states that Plaintiff's cause of action under the FDCPA was brought in bad faith or for the purpose of harassment. As such, Defendant is entitled to its necessary and reasonable attorney's fees pursuant to FDCPA § 1692(k)(1) in an amount to be determined by the Court.

### NINETH AFFIRMATIVE DEFENSE

Pleading further, Defendant states that it has established and implemented with due care reasonable practices and procedures to effectively prevent telephone

solicitations in violations of the regulations prescribed under the TCPA. As such, Defendant has no liability to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Pleading further, Defendant states the TCPA is not applicable to debt collection communications and as such, Plaintiff has no cause of action for alleged violations of the TCPA.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing, Plaintiff recover nothing from his causes of action. Defendant prays that it be awarded its reasonable attorney's fees and costs incurred in defending this action and such other and further relief, at law or in equity, to which Defendant may be duly entitled.

Respectfully submitted,

/s/ Steven R. Dunn
Steven R. Dunn
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
(214) 692.5533 (telephone)
(214) 692.5534 (telecopier)
*(pending pro hac vice admission)*

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A copy of this notice is being sent to Plaintiff pro se via regular mail at the following address:

Clayton Fountain
P. O. Box 868135
Plano, Texas 75086

/s/Steven R. Dunn
Steven R. Dunn

*DEFENDANT'S ANSWER -- Page 4 of 4*